IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CESSNA EMPLOYEES CREDIT UNION, et al.,

    Plaintiffs,

  v.

LORIMAC, INC.,

    Defendant.

No. C 07-00120 JSW

**ORDER DENYING APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND REQUEST FOR APPOINTMENT OF RECEIVER**

    Now before the Court are Plaintiffs' *ex parte* application for a temporary restraining and request for an appointment of a receiver. To date, Defendant has not filed any opposition. Nevertheless, having carefully considered Plaintiffs' application, and finding this application suitable for disposition without oral argument pursuant to Civil Local Rule 7-6, the Court denies the application because Plaintiffs have failed to make an adequate showing, supported by admissible evidence, of immediate irreparable harm necessitating the issuance of a TRO and further have failed to demonstrate the need to preserve the status quo pending final resolution. *See* Fed. R. Civ. P. 65(b).

    First, it is not clear that Plaintiffs provided Defendant with notice of its *ex parte* application and request for the appointment of a receiver or that Plaintiffs had a sufficient justification for not providing such notice. The Local Rules require that "[u]nless relieved by order of a Judge for good cause shown, on or before the day of an *ex parte* motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver

notice of such motion to opposing counsel or party." N.D. Civil Local Rule 65-1(b). The Court may issue a temporary restraining order without written or oral notice to the adverse party or that party's attorney under Federal Rule of Civil Procedure 65(b) where: "(1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required." Fed. R. Civ. P. 65(b). Here, Plaintiffs fail to make any showing that they provided notice to Defendant or that notice could not have been provided to Defendant in accordance with Federal Rule of Civil Procedure 65(b) and Northern District Local Civil Rule 65-1(b).

Second, Plaintiffs failed to make a sufficient showing regarding the possibility of irreparable injury. "To prevail on a motion for temporary restraining order, as with a preliminary injunction, the moving party bears the burden of demonstrating either 1) a combination of probable success on the merits and the possibility of irreparable injury or 2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in the moving party's favor." *Bespaq Corp. v. Haoshen Trading Co.*, 2004 WL 2043522, *1 (N.D.Cal. Sept. 13, 2004) (*citing Sammartano v. First Judicial District Court,* 303 F.3d 959, 965 (9th Cir.2003)). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)).

Here, Plaintiffs contend that Defendant has breached agreements regarding several mortgage loans and that Defendant has not been returning communications seeking information regarding the loans and requesting accountings. While Plaintiffs present evidence regarding the merits of their action, they have not made any showing that they could not be compensated with

2

monetary damages. The possibility of mere monetary damages are not enough to justify imposition of a temporary restraining order. *Los Angeles Memorial Coliseum Commission v. National Football League*, 634 F.2d 1197,1202 (9th Cir. 1980) (citing *Sampson v. Murray*, 415 U.S. 61, 90 (1974)) (holding that mere monetary injury is insufficient to demonstrate irreparable harm and the possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm).

Finally, Plaintiffs do not provide any explanation as to why they suddenly need immediate relief now, when they knew as of mid-2006 that Defendant was in breach of the agreements and was not being responsive to requests for audits or other information. Accordingly, the Court DENIES Plaintiffs' request for a temporary restraining order and request for the appointment of a receiver. This order is without prejudice to filing a renewed motion upon a proper showing of all relevant factors or filing a motion for preliminary injunction. Plaintiffs are directed to serve a copy of this Order on Defendant, or make a showing of good cause why service should not be required, by no later than 4:00 p.m. on Thursday, January 18, 2006.

**IT IS SO ORDERED.**

Dated: January 16, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE